UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY ASTOR; and ALLAN
ROZENZWEIG,

        Plaintiffs,

v.                                  Case No. 6:17-cv-1653-Orl-37DCI

EQUIFAX INC.; and EQUIFAX
INFORMATION SERVICES, INC.,

        Defendants.

## ORDER

This proposed class action against Defendants Equifax Inc. ("**EI**") and Equifax Information Services, Inc. ("**EISI**") concerns a well-publicized cybersecurity breach ("**Data Breach**") that may affect millions of people throughout the world.[1] (*See* Doc. 1.) The necessity of careful attention and prompt judicial management of this action is plain. Thus, the matter is before the Court for a *sua sponte* assessment of the Complaint. Unfortunately, this assessment reveals that repleader is required because the thirty-three page, nine-count Complaint is a shotgun pleading that provides a very faulty foundation for this complex case.

---

[1] *E.g.*, BBC NEWS, *Massive Equifax Data Breach Hits 143 Million*, Sept. 8, 2017, http://www.bbc.com/news/business-41192163; Max Schindler, *How Equifax's Data Breach Threatens Israeli Security*, THE JERUSALEM POST, Sept. 20, 2017, http://www.jpost.com/printarticle.aspx?id=505583.

## I. THE LEGAL STANDARDS

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a "shotgun" pleading "is in no sense the 'short and plain statement of the claim' required by Rule 8" and it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts").

The "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Shotgun pleadings also may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9

(11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph of each count "incorporates by reference" all of the factual allegations). Further, when multiple defendants are named, shotgun complaints often will make "no distinction" among them. *See Magluta*, 256 F.3d at 1284; *see also Weiland*, 792 F.3d at 1323 (describing the shotgun pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand . . . ."). Heeding this warning, when confronted with a deficient pleading—especially a shotgun complaint—district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta, Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation that district courts must address on their "own initiative").

## II. DISCUSSION

The named Plaintiffs—Timothy Astor and Allan Rozensweig—are residents of Florida who seek to represent: (1) a "Class" of "all persons residing in the United States

whose personal data Equifax collected and stored and whose personal information was placed at risk and/or disclosed in the Data Breach affecting Equifax from May to July 2017" (*id.* ¶ 38); and (2) a "Florida Subclass" of "persons residing in Florida whose personal data Equifax collected and stored and whose personal information was placed at risk and/or disclosed in the Data Breach affecting Equifax from May to July 2017" (*id.* ¶ 39).

On behalf of the Class and Florida Subclass, Plaintiffs assert nine claims for: (1) "Willful Violation of the Fair Credit Reporting Act" ("**FCRA**") (*id.* ¶¶ 60–73); (2) "Negligent Violation of the [FCRA]" (*id.* ¶¶ 74–78); (3) "Negligence" (*id.* ¶¶ 79–92); (4) "Negligence Per Se" (*id.* ¶¶ 93–111); (5) "Breach of Implied Contract" (*id.* ¶¶ 112–92); (6) "Unjust Enrichment" (*id.* ¶¶ 120–24); (7) "Invasion of Privacy – Public Disclosure of Private Facts" (*id.* ¶¶ 125–29); (8) "Violation of Bailment Obligations" (*id.* ¶¶ 130–36); and (9) "Violation of the Florida Deceptive and Unfair Trade Practices Act" (*id.* ¶¶ 137–42).

Although the nine counts of the Complaint reflect diverse legal theories, each count improperly incorporates by reference all of the preceding paragraphs of the Complaint. (*See id.* ¶¶ 60, 74, 93, 112, 120, 125, 130, 137.) Further, although Plaintiffs have sued two distinct Defendants—EI and EISI (*see id.* ¶¶ 13, 14)—the allegations of the Complaint are consistently and confusingly directed to "Equifax" generally. Such pleading errors must be corrected before this action can proceed. *See, e.g., Weiland*, 792 F.3d at 1321.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

(2) On or before **October 6, 2017**, Plaintiffs may file an Amended Complaint in accordance with this Order.

(3) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 20, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record